**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

**Hon. Hugh B. Scott**

**v.**                                              **09CR331A**

**Order**

**Cody Busch, et al,**

**Defendants.**

Commencing February 5, 2013, the Court has conducted evidentiary hearings on numerous issues raised the defendants various respective omnibus motions. Among under issues raised, the defendants have sought hearings on: (1) various confirmation identifications; (2) the search of 28 California Street; and (3) the seizure of a cell phone.

**Confirmatory Identifications**

Some defendants, including defendants Lopez (Docket No. 730) and Matthew Deynes (Docket No. 737), seek evidentiary hearings relating to "confirmatory identifications" in which persons who allegedly possess prior familiarity with the defendants, identified the defendants from single photographs presented to them by various police officers.

It appears that the government obtained identifications of various defendants from confidential witnesses identified as: Witness No. 1, Witness No. 2, Witness No. 3, Witness No. 6, Witness No. 8, and Witness No. 9. The government maintains that these individuals were shown various numbers of photographs, between 25 and "3 books of photos" to identify members of the purported 10th Street Gang, or other street gangs. According to the government, Witness No. 6 was not shown any photographs and no identification procedures were utilized with this witness. (Docket No. 760 at pages 28-29). With respect to Witness No. 1 and Witness No. 2, the government asserts that these individuals have pled guilty and entered into cooperation agreements with the government. The government asserts that Witness No. 3 "is friends with" defendants Delgado and Thurmond, that Witness No. 8 is a self-identified member of the 10th Street Gang, and that Witness No. 9 alleges that he "grew up" with Mathew Deynes and alleged members of the 10th Street Gang. (Docket No. 760 at pages 25-29).

Defendant Lopez does not identify any allegedly suggestive procedure used in any of these identification procedures, but seeks a hearing regarding the witnesses' opportunity to view the defendant; the level of attention of the witness in observing the defendant; the accuracy of the description; the level of certainty; and the time between the date of the alleged offense and the identification. (Docket No. 730 at page 7). Defendant Matthew Deynes asserts only that because the witnesses were shown only "single pictures," and presumably not photo arrays, that the procedures were unnecessarily suggestive. (Docket No. 737 at ¶ 9).

Evidentiary hearings pursuant to United States v. Wade, 388 U.S. 218 (1967) are not required with respect to confirmatory identifications where the witness is sufficiently familiar with the defendant so as to negate the possibility of suggestiveness. See Sides v. Senkowski, 281 F.Supp.2d 649 (W.D.N.Y. 2003)(the trial court may dispense with a Wade hearing if the

identification is merely "confirmatory" because the parties knew each other previously). Inasmuch as the identities of these witnesses is not yet known to the defendants, the defendants have not raised a question of fact arises as to whether the witnesses were actually familiar with the defendants they identified. For the protection of the witnesses, in light of the extreme violence alleged in this case, in the event a factual questions as to the witnesses' familiarity with the defendants arises, the Court defers any hearing regarding that issue to be held by the District Judge (or the undersigned upon specific referral) after the identity of the witnesses have been disclosed at the time of trial.

**<u>Other Issues</u>**

Defendant Matthew Deynes seeks to suppress the evidence obtained as a result of the search of 28 California Street, Buffalo, New York. The sole issue raised by the defendant is whether probable cause existed to support the issuance of a search of the lower apartment at 28 California Street where Matthew Deynes resided with his girlfriend. (Docket No. 546). The search warrant and application were submitted to the Court for *in camera* review. Similarly, defendant Cody Busch seeks suppression of evidence obtained from a cellular telephone (716-909-3326) which was obtained pursuant to a warrant issued by Magistrate Judge H. Kenneth Schroeder dated December 1, 2009 (Docket No. 736 at ¶¶ 3-4). Again, the search warrant and application materials have been presented for *in camera* review. In both cases, the defendants have failed to identify a specific issue relating to the search warrants which would require an evidentiary hearing. The defendants have not articulated any basis to conclude that the Court could not determine the existence of probable cause based upon a review of the search warrant application. In light of the above, the defendants' respective requests for hearings relating to

these warrants is denied at this time.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
February 12, 2013