PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JONATHAN DELGADO,

      Petitioner,

v.                                              25-CV-0326-RJA
                                                         09-CR-0331-RJA

UNITED STATES OF AMERICA,            **ORDER**

      Respondent.
_____

      *Pro se* Petitioner, Jonathan Delgado, has filed a Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Petition").  09-CR-0331-RJA, Docket Item 2496.  As he alleges in more detail, Petitioner claims that he obtained ineffective assistance of counsel and thus his conviction in this Court was unconstitutionally obtained.  *Id.*  He also has filed several other motions: leave to file a memorandum of law in excess of page limit; "to be informed of any and all errors"; discovery and production of documents; appoint counsel; and leave to proceed *in forma pauperis* ("IFP").  Docket Items 2497-2501.  The Court addresses each motion below and sets forth a scheduling order for the Petition and the Motion for discovery and production of documents.

**DISCUSSION**

**I.   Excess Pages**

The Petition includes a memorandum of law which is 43 pages in length. Docket Item 1 at 14-57.[1] Because the memorandum of law has been docketed and because it is not unreasonably lengthy, the Court grants this Motion *nunc pro tunc*. Petitioner is reminded that if he files any documents in excess of the Court's Local Rules' page limit, he must seek permission prior to filing the document. *See* Loc. R. Civ. P. 7(a)(2)(c).[2]

**II.   Motion to be Informed of Errors**

In this unique Motion, Petitioner, in effect, asks the Court to tell him if he has made any errors in his filings or arguments so that he "receiv[es] a full and fair substantive review" of his Petition. Docket Item 2498. Because the Court cannot provide legal advice to a litigant, *pro se* or otherwise, the motion is denied. *See Platts v. Buchanan*, No. 12-1788, 2013 WL 3772524, at * 1 (W.D. Pa., July 17, 2013) ("[T]he Court cannot answer Plaintiff's legal questions as the Court cannot provide legal advice . . . ." (citing *Mala v. Crown By Marina, Inc.*, 704 F.3d 239 (3d Cir.2013) ("The general rule . . . is that courts need not provide substantive legal advice to *pro se*

---

[1] Page references are to those generated by the Court's Case Management and Electronic Files System (CM/ECF).

[2] Rule 7(a)(2)(C) reads: "**Page Limits**. Memoranda in support of or in opposition to any motion shall not exceed twenty-five (25) pages in length, and reply memoranda shall not exceed ten (10) pages in length. Tables of contents and tables of authorities are not included in the page limitations. A party seeking to exceed the page limit must make application by letter to the Judge hearing the motion, with copies to all counsel, at least seven (7) days before the date on which the memorandum must be filed."

litigants.")); *see, e.g.*, *Levesque v. New York*, No. 8:13-CV-825, 2014 WL 4437629, at *8 (N.D.N.Y. Sept. 8, 2014) ("The court cannot provide legal advice to a litigant."). Even so, the Court is required to construe Petitioner's submissions liberally and will do accordingly.  *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("[T]he pleadings of a *pro se* plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  This motion is denied.

### III.     Motion for Discovery and Production of Documents

Petitioner has filed a Motion for discovery and production of documents seeking "the disclosure from the government "of all typed, written, or electronic versions of any e-mails, letters, memos, or any form of the communication from the United States Attorney's Office to [Petitioner's] counsel . . . concerning plea offers for Petitioner." Docket Item 2499 ¶ 3 at 2.  He also seeks production of the same type of "notes, memos or other documents" from his counsel of any discussions with Petitioner related to the plea-bargaining process.  *Id.*

Discovery in a motion under section 2255 requires leave of court, which may be granted for "good cause."  Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 6(a).  Under Rule 6, discovery is conducted under the Federal Rules of Criminal or Civil Procedure, or "in accordance with the practices and principles of law."  *Id.*  The party requesting discovery must provide reasons for the request, which must "must specify any requested documents."  Rule 6(b).

> To show "good cause" under Rule 6,
>
> a petitioner must present specific allegations that give the court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief. A court may deny a petitioner's request for discovery where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition.

*Martin v. United States*, 834 F. Supp. 2d 115, 140 (E.D.N.Y. 2011) (citations and internal quotation marks omitted).

Petitioner's Motion for discovery and production of documents is quite broad and raises significant questions regarding whether Petitioner has established good cause and, if so, whether he is entitled to the documents sought.  For example, he seeks all documents, notes, emails, etc. of the Assistant United States Attorney ("AUSA") regarding the plea negotiations.  This request, on its face, requests the AUSA's work product.  This is just one issue raised.  Thus, before the Court addresses this motion, a response from the government is appropriate and will be ordered below.[3]

## IV.    Motion to Appoint Counsel

Petitioner's Motion for appointment of counsel, Docket Item 2500, is denied without prejudice.  Counsel may be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require.  *See* Rule 8(c) of the Rules Governing Section 2255 Cases; 18 U.S.C. § 3006A(a)(2)(B).  Rule 8(c) provides that:

---

[3] The Court notes that Petitioner has also filed a First Set of Interrogatories to the AUSA. Docket 2502.  Any response to these interrogatories is stayed pending a determination of Petitioner's Motion for discovery.

> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A. The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare. These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

At this time, there is no showing that an evidentiary hearing is required. In addition, whether the interests of justice require appointment of counsel in this case cannot be determined until, at least, after the Court has had an opportunity to review and consider the Respondent's answer to the Petition.

**V.    Motion to Proceed IFP**

Petitioner's Motion to proceed *in forma pauperis*, Docket Item 2501, is denied as unnecessary to the extent Petitioner requests waiver of a filing fee.[4] To the extent Petitioner filed this motion to seek transcripts pursuant to 28 U.S.C. § 753(f)[5] or free copies of documents or parts of the record on file under 28 U.S.C. § 2250, it is denied as premature. If Petitioner seeks to proceed IFP for one or both of these reasons, he shall file a motion requesting such relief and re-file his IFP motion.

---

[4] Section 2255 motions and their corresponding petitions do not require filing fees. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 3, Advisory Committee Notes ("There is no filing fee required of a movant under these rules. This . . . is done to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack.").

[5] In relevant part, § 753(f) provides:

> Fees for transcripts furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States . . . if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

## **ORDER**

**IT IS HEREBY ORDERED**, in accordance with Rules 4 and 5 of the Rules Governing § 2255 Cases in the United States District Courts, that Respondent shall file and serve an answer to the Petition within **forty-five (45) days of entry of this Order**.  The answer shall respond to the allegations in the Petition and shall state whether Petitioner has used any other available federal remedies including any prior post-conviction motions under these rules or those existing before the adoption of the present rules, and whether Petitioner received a post-conviction evidentiary hearing in a federal court.  Further, the answer shall state whether Petitioner appealed the conviction, and what ruling, if any, the United States Court of Appeals has made on the appeal; and it is further

**ORDERED** that, in addition to the answer, Respondent also shall file and serve by the above date a memorandum of law addressing each of the issues raised in the Petition and including citations of relevant supporting authority; and it is further

**ORDERED** that Respondent shall file a response to Petitioner's Motion for discovery and production of documents, Docket Item 2499, within the same time period set forth above for Respondent's answer and memorandum of law; and it is further

**ORDERED** that within 20 days of service of the answer and response to the motion for discovery and the production of documents, Petitioner may file a written reply (**limited to 10 pages in length**, per Local Rule 7(a)(2)(C)) to the answer, memorandum of law, and response to the Motion for discovery and the production of documents; and it is further

**ORDERED** that within 20 days of the date this Order is filed with the Clerk of Court, Respondent may file a motion for a more definite statement or a motion to dismiss the Petition, accompanied by appropriate exhibits which demonstrate that an answer to the Petition is unnecessary; and it is further

**ORDERED** that Petitioner's Motion for leave to file a memorandum of law in excess of the Court's Local Rules page limits, Docket Item 2497, is granted *nunc pro tunc;* and his Motions to be informed of all legal errors, Docket Item 2498, for appointment of counsel, Docket Item 2500, and to proceed IFP, Docket Item 2501, are denied; and it is further

**ORDERED** that the Clerk of Court is directed to serve a copy of the Petition, Docket Item 2496, Motion for discovery and production of documents, Docket Item 2499, together with a copy of this Order, upon the United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202; and it is further

**ORDERED** that all docketing for this action shall be made in the related criminal action 09-CR-0331.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE UNITED STATES ATTORNEY**.

**IT IS SO ORDERED.**

                                     __*s/Richard J. Arcara*_____
                                     HONORABLE RICHARD J. ARCARA
                                     UNITED STATES DISTRICT COURT

Dated:  May 6, 2025
         Buffalo, New York